1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No.: CR 06 0090 MHP |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | STIPULATION AND ORDER (Proposed) |
| HARUT KORAKOSSIAN, WILSON FUNG, and EDWARD RIDGELL | ) ) ) ) | |
| Defendants. | ) ) | |

   With the agreement of the parties in court on July 9, 2007, the Court set the case for status on September 17, 2007, at 10 a.m., and excluded time under the Speedy Trial Act from July 9, 2007, to October 30, 2007, the trial date. Specifically, the Court found and held as follows:

   1. The defendants, who are charged with health care fraud in a multi-count indictment, are free on bond. The parties previously agreed, and the Court found, that the case was complex, based on the fact that it is a complicated fraud scheme, as alleged, with a substantial amount of discovery.

   2. The prosecution has provided significant discovery and will provide early Jencks in anticipation of the October 30, 2007, trial date. The defense continues to review the discovery. In addition, defense counsel for Korakossian has other case commitments, and the first available trial date is October 30, 2007. Counsel for Fung is beginning jury selection in a capital case this

STIPULATION AND ORDER (CR 06 0090 MHP)

1 | week, and jury selection will last until August, with the trial itself lasting longer.

    3. The parties agreed, and the Court found and held, that failing to grant a continuance until September 17, 2007, for status and until October 30, 2007, for trial would unreasonably deny the defendants continuity of counsel. See 18 U.S.C. § 3161(h)(8)(B)(iv). The parties also agreed, and the Court found and held, that failing to grant a continuance would deny counsel for the defense the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, given the need to review the discovery. Id. § 3161(h)(8)(B)(iv). The parties agreed, and the Court found and held, that "the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act. Id. § 3161(h)(8)(B)(ii). Finally, the parties agreed, and the Court found and held, that the ends of justice served by excluding the period from July 9, 2007, to September 17, 2007, and thereafter to October 30, 2007. outweighed the best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(A).

    4. Accordingly, the Court excludes time under the Speedy Trial Act from July 9, 2007, to October 30, 2007. See 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).

    IT IS SO ORDERED.

DATED: July 17, 2007

                         MARILYN HALL PATEL
                         United States District

STIPULATED:

DATED:  7/12/07    /S/ Eugene G. Iloys
                         EUGENE G. ILOYS
                         Attorney for HARUT KARAKOSSIAN

DATED:  7/12/07    /S/ Ellen Barry
                         ELLEN BARRY
                         Attorney for Wilson Fung

DATED:  7/12/07    /S/ Geoffrey Hansen
                         GEOFFREY HANSEN
                         Attorney for Edward Ridgell

DATED:  7/12/07    /S/ Laurel Beeler
                         LAUREL BEELER
                         TIMOTHY J. LUCEY
                         Assistant United States Attorneys

*[Court seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — "IT IS SO ORDERED" signed by Judge Marilyn H. Patel]*