1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9            NORTHERN DISTRICT OF CALIFORNIA
10           SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA,        )    No.: CR 06 0090 MHP
                                     )
12       Plaintiff,                  )
                                     )
13       v.                          )    STIPULATION AND ORDER (Proposed)
                                     )
14  HARUT KORAKOSSIAN,               )
                                     )
15       Defendant.                  )
                                     )
16  _____)

17   With the agreement of the parties in court on October 1, 2007, the Court set the case for
18  status on November 19, 2007, at 10 a.m., and excluded time under the Speedy Trial Act from
19  October 1, 2007, to February 15, 2007, the trial date. Specifically, the Court found and held as
20  follows:
21   1. The defendant, who is charged with health care fraud in a multi-count indictment, is free
22  on bond. The parties previously agreed, and the Court found, that the case was complex, based
23  on the fact that it is a complicated fraud scheme, as alleged, with a substantial amount of
24  discovery.
25   2. The defense continues to review the discovery.  In addition, defense counsel for
26  Korakossian has other case commitments. Given these issues, the Court set the next status date
27  for November 19, 2007. The Court previously set the trial for February 15, 2008.
28   3. The parties agreed, and the Court found and held, that failing to grant a continuance until

STIPULATION AND ORDER (CR 06 0090 MHP)

November 19, 2007, for status and until February 15, 2008, for trial would unreasonably deny the defendants continuity of counsel. See 18 U.S.C. § 3161(h)(8)(B)(iv). The parties also agreed, and the Court found and held, that failing to grant a continuance would deny counsel for the defense the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, given the need to review the discovery. Id. § 3161(h)(8)(B)(iv). The parties agreed, and the Court found and held, that "the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act. Id. § 3161(h)(8)(B)(ii). Finally, the parties agreed, and the Court found and held, that the ends of justice served by excluding the period from October 1, 2007, to November 19, 2007, and thereafter to February 15, 2008, outweighed the best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(A).

4. Accordingly, the Court excludes time under the Speedy Trial Act from October 1, 2007, to February 15, 2008. See 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).

IT IS SO ORDERED.

DATED: 10/16/2007

MARILYN HALL PATEL
United States District Judge

STIPULATED:

DATED:_____        /s_____
                             EUGENE G. ILLOVSKY
                             Attorney for HARUT KORMOSSIAN

DATED:_____        /s_____
                             LAUREL BEELER
                             TIMOTHY J. LUCEY
                             Assistant United States Attorneys

*IT IS SO ORDERED*
*Judge Marilyn H. Patel*

STIPULATION AND ORDER (CR 06 0090 MHP)        2