JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

LAUREL BEELER (CSBN 187656)
TIMOTHY J. LUCEY (CSBN 172332)
Assistant United States Attorneys

   450 Golden Gate Avenue, 11th Floor
   San Francisco, California  94102
   Telephone:  (415) 436-6765
   Facsimile: (415) 436-7234
   Email:  laurel.beeler@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.: CR 06 0090 MHP |
|     Plaintiff, ) | |
|     v. ) | <u>REQUEST, STIPULATION AND ORDER</u> <s>(Proposed)</s> |
| HARUT KORAKOSSIAN, ) | |
|     Defendant. ) | |

    The parties hereby ask the Court to vacate the currently scheduled status date of May 19, 2008, at 10 a.m., reset the case for status on Monday, June 9, 2008, at 10 a.m., and exclude time under the Speedy Trial Act until June 9, 2008, for the following reasons:

    1. The defendant, who is charged with health care fraud in a multi-count indictment, is free on bond.  The parties previously agreed, and the Court found, that the case was complex, based on the fact that it is a complicated fraud scheme, as alleged, with a substantial amount of discovery.

    2. The United States has advised the defendant that it intends to seek new charges by either superseding the indictment or charging a new case.  The parties have discussed the issues about the current indictment and the nature and substance of the likely set of new charges.

REQUEST, STIPULATION AND ORDER
(CR 06 0090 MHP)

1    3. Counsel for the defendant has advised the United States that it wishes to discuss any new charges before the United States charges them.  There also is a different investigation in the Central District of California, and there is additional evidence that the United States has obtained and provided in discovery about possible new charges in the Central District and the Northern District.  The United States is also obtaining additional bank records as part of its investigation into those new charges.  The new evidence is relevant to a possible global disposition of criminal liability for the defendant in the matters in both districts.  The United States has proposed such a resolution to the defense in the form of an information and a plea agreement.

4. Because of the new discovery that has been provided and is being obtained, it is not possible to complete these matters by the current status date of May 19, 2008.  The parties plan to meet on May 27, 2008, to discuss the new evidence and charges.  Vacating the May 19, 2008, hearing and resetting it for June 9, 2008, will enable the parties to complete their evidence review, discuss it on May 27, and evaluate the status of the new investigation, the need for further discovery review, and any possible change of plea.

5.   The parties also stipulate and agree that failing to grant a continuance until June 9, 2008, for the reasons outlined above would deny counsel for the defense the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, given the need to review the discovery.  Id. § 3161(h)(8)(B)(iv).  The parties also stipulate and agree that "the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act.  Id. § 3161(h)(8)(B)(ii).  Finally, the parties stipulate and agree that the ends of justice served by excluding the period from May 19, 2008, to June 9, 2008, outweigh the best interest of the public and the defendant in a speedy trial.  Id. § 3161(h)(A).

8. Accordingly, the parties agree, stipulate and request that the Court vacate the May 19, 2008, status date, reset it for June 9, 2008, at 10 a.m., and exclude time under the Speedy Trial

//

//

REQUEST, STIPULATION AND ORDER
(CR 06 0090 MHP)                                    2

1  Act from May 19, 2008, to June 9, 2008.  See 18 U.S.C. § 3161(h)(8)(A) & (B)(ii) and (iv).

2  STIPULATED:

3  DATED:_____                    /s_____
4                                            EUGENE G. ILLOVSKY
                                             Attorney for HARUT KORAKOSSIAN

5
6  DATED:_____                    /s_____
                                             LAUREL BEELER
7                                            TIMOTHY J. LUCEY
                                             Assistant United States Attorneys

8     For good cause shown, and for the reasons articulated above, the Court (1) finds that failure
9  to grant a continuance until June 9, 2008, would deny counsel for the defense the reasonable
10 time necessary for effective preparation, taking into account the exercise of due diligence; (2)
11 finds that "the case is so unusual or so complex, due to . . . the nature of the prosecution, or the
12 existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation
13 for pretrial proceedings or for the trial itself within the time limits established" by the Speedy
14 Trial Act; (3) finds that the ends of justice served by excluding the period from May 19, 2008 to
15 June 9, 2008, outweigh the best interest of the public and the defendant in a speedy trial; (4)
16 excludes time under the Speedy Trial Act until June 9, 2008; (5) vacates the May 19, 2008,
17 status date; and (6) sets the matter on calendar on June 9, 2008, at 10 a.m.  See 18 U.S.C. §
18 3161(h)(8)(A) & (B)(ii) and (iv).

19    IT IS SO ORDERED.

20 DATED: 5/16/2008          _____
                              MARILYN HALL PATEL
21                            United States District Judge

*IT IS SO ORDERED*
*Judge Marilyn H. Patel*

REQUEST, STIPULATION AND ORDER
(CR 06 0090 MHP)                              3